Adam Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, Suite 2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorney for Plaintiff
William Adkins

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADKINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BRINK'S, INC.,<br><br>        Defendant. | NO.<br><br>COMPLAINT<br><br>1. FLSA COLLECTIVE ACTION<br>2. PAGA REPRESENTATIVE ACTION<br>3. WAGE STATEMENT PENALTY<br>4. MEAL AND REST BREAKS<br>5. UNFAIR COMPETITION<br><br>DEMAND FOR JURY TRIAL |

<u>Preliminary Allegations</u>

1. The court has subject matter jurisdiction under 28 USC § 1331. The court also has supplemental jurisdiction over the state law claims under 28 USC § 1367.

2. Venue is proper in the Eastern District pursuant to 28 USC § 1391(b).

3. Plaintiff William Adkins ("Adkins") is a resident of Sacramento County.

4. Defendant Brink's Inc., ("Brinks") is a Virginia corporation that is qualified to do business in California.

5. Brinks employed Adkins as a driver.

6. Defendants exercised pervasive control over Adkins and similarly situated individuals, including requiring employees to work though break periods.

-1-
COMPLAINT

7. Adkins was a motor carrier employee engaged in **intrastate commerce only**, not interstate commerce and thus, **not subject to the maximum hour regulations of the Secretary of Transportation**. 29 USC § 213(b)(1); see 49 CFR § 395.1 et seq., regulating driving hours of interstate truck drivers, see also *Walters v. American Coach Lines of Miami, Inc.* (11th Cir. 2009) 575 F.3d 1221, 1225; *Bell v. H.F. Cox, Inc.* (2012) 209 Cal.4th 62, 77-78, 146 Cal.Rptr.3d 723, 737.

8. The Fair Labor Standards Act applies because Adkins and the similarly situated employees were and are engaged in commerce pursuant to 29 CFR § 776.10.

9. Also, under the alternative enterprise test, the FLSA applies because Brinks has employees engaged in commerce, and has annual gross volume sales made or business done of at least $500,000.

10. Defendants did not pay Adkins and the similarly situated employees for all hours worked, including overtime compensation.

11. Defendants have violated both the FLSA, and the Labor Code by not paying Adkins and the similarly situated employees overtime wages.

12. Further, Adkins notified the Labor and Workforce Development Agency and Brinks on June 15, 2016 as required by Cal. Lab. Code, § 2699.3 (PAGA letter).

13. Since more than 60 days have passed since the PAGA letter was sent, Adkins may also pursue this case as a representative action on behalf of herself and all aggrieved employees.

14. For the FLSA collective action portion of the case, 29 USC § 216(b) permits Adkins to maintain an action on behalf and all similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

15. Common questions for similarly situated employees include the following:

1    (a)    Whether Brinks did not pay overtime compensation;

2    (b)    Whether PAGA penalties apply;

3    (e)    The amount of statutory attorney fees and costs for Adkins and the employees.

16. An action under 29 USC 216(b) and PAGA is superior to other methods to adjudicate this controversy.

## FIRST CAUSE OF ACTION
## FLSA COLLECTIVE ACTION
### Against All Defendants

17. Plaintiff incorporates by reference paragraphs 1 to 16 of the complaint.

18. Brinks is an employer engaged in commerce pursuant to Section 3 of the Fair Labor Standard Act.

19. Brinks is a security and protection company.

20. Brinks does not pay its drivers overtime wages.

21. The drivers' work at Brinks is not exempt under the professional, administrative, executive, or motor carrier exemptions.

22. However, even if the driver employees receive overtime, Brinks still requires the driver employees to limit their overtime per paycheck to 10 hours, meaning they only receive a portion of the overtime actually worked.

23. This willful violation extends the statute of limitations to three years pursuant to 29 USC § 255(a).

24. Other courts' decisions have held that intrastate deliveries do not fall under the Department of Transportation's motor carrier exemptions, and thus support Plaintiff's position that he is entitled to overtime compensation. *Watkins v. Ameripride Services*, 375 F.3d 821, 825 (9th Cir. 2004); *Osorio v. Mathews Prime Meats, Inc.*, 101 F.Supp.3d 255, 259 (E.D.N.Y. 2015).

///

25. Plaintiff and the class members/aggrieved employees delivered money, however it was not money derived from interstate commerce. Factors to determine if goods are shipped intrastate are the following: 1) specific orders of a specific quantity are not moved from one state through the terminal storage of a second state to a specific customer, 2) the use of the terminal storage as a local marketing facility from which products are sold and allocated, and 3) transportation in the furtherance of such distribution within a single state is specifically arranged only after sale or allocation from storage. *Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 411-412 (E.D. Michigan 1970).

26. These factors apply to plaintiff and the class members since they never delivered the money out of California. A driver is not subject to the Motor Carrier Act if there is no possibility of driving interstate or the possibility is remote. *Dole v. Circle "A" Const., Inc.,* 738 F.Supp. 1313 (D. Idaho 1990.)

27. The delivery of money did not constitute a "practical continuity of movement" across state lines from a point of origin to its final destination. 29 CFR § 782.7. Rather, the Brink's offices were storage facilities for money intrastate deliveries only.

28. The remedies for a violation of the Fair Labor Standards Act are recovery of all unpaid compensation, including overtime compensation, liquidated damages, attorney fees and costs, and legal and equitable relief.

SECOND CAUSE OF ACTION

PAGA REPRESENTATIVE ACTION

Against All Defendants

29. Plaintiff incorporates by reference paragraphs 1 to 16 of the complaint.

30. The Labor Code Private Attorney General Act of 2004 ("PAGA") allows employees to initiate a civil action against their employers for penalties for

        Labor Code violations. *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 370, 374-375.)

31. Pursuant to Cal. Labor Code, § 2699(c), any aggrieved employee may maintain a civil action to recover penalties for Labor Code violations on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.

32. Pursuant to Cal. Labor Code § 2699(g)(1), PAGA actions are representative actions, and the plaintiff does not need to satisfy class action requirements.

33. The PAGA letter that was sent on June 15, 2016 lists the following Labor Code violations: 1) violation of Cal. Labor Code §§ 1194, 1194.2, 1197 & 1197.1 (wage and hour violation), 2) violation of Cal. Labor Code §§ 226.7 & 512 (meal and rest breaks), 3) violation of Cal. Labor Code § 226 (improper/nonexistent wage statements); and 4) violation of Cal. Labor Code § 2810.5 (violation of Wage Theft Prevention Act).

34. When plaintiff proves violations of these statutes, which plaintiff can do based on the nonpayment of overtime wages, PAGA penalties apply.

35. In addition to the PAGA penalties of Cal. Labor Code §§ 1194.2 (liquidated damages), and 1197.1 (penalties), the remedy under PAGA for Labor Code violations is $100 per aggrieved employee for the initial violation, and $200 per aggrieved employee per pay period for each subsequent violation.

36. Further, plaintiff is entitled to attorney fees and costs in a PAGA action pursuant to Cal. Labor Code, § 2699(f).

### THIRD CAUSE OF ACTION
### WAGE STATEMENT PENALTY
### Against All Defendants

37. Adkins incorporates by reference paragraphs 1 to 16 of the complaint.

38. Labor Code section 226(a) provides every employer shall, semimonthly or at

the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, an itemized wage statement, showing all wages paid, including all deductions.

39. Defendants knowingly and intentionally did not furnish the plaintiffs with itemized statements required under Labor Code section 226(a) since the wage statements did not list the accurate amount of overtime.

40. Labor Code Section 226(e) provides that an employee that suffers injury as a result of an employer's knowing and intentional failure(s) to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurs and then $100 per employee for each subsequent pay period, not to exceed $4,000 per employee.

41. Adkins seeks actual damages, costs, penalties and attorney fees under Labor Code section 226(g).

## FOURTH CAUSE OF ACTION
## MEAL AND REST BREAK VIOLATION
### Against All Defendants

42. Plaintiffs incorporate by reference paragraphs 1 to 16 of the complaint.

43. Labor Code section 512 provides that no employer may require an employee to work during any meal or rest period the applicable Wage Order mandates.

44. Employers must authorize rest periods of specified minimum duration.

45. Defendants did not give mandatory rest breaks and meal breaks to Adkins and the aggrieved employees.

46. Labor Code section 226.7(b) provides that an employer that does not provide rest and/or meal breaks must pay the employee one additional hour of premium pay at the employee's regular rate each time the break was not provided.

47. Adkins and the aggrieved employees seek compensation of one hour of wages

1 each time they were not permitted to take a meal break and rest break.
2 48. Adkins and the aggrieved employees also seek PAGA penalties and attorney fees pursuant to Labor Code section 2699.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION
### Against All Defendants

49. Adkins incorporates by reference paragraphs 1 to 16 of the complaint.
50. Business and Professions Code section 17200 defines unfair competition as unlawful, unfair, or fraudulent business acts or practices.
51. Defendants engaged in unfair competition by not paying all wages and premium pay due to Adkins and the similarly situated individuals, which violated the Fair Labor Standards Act.
52. Pursuant to Business and Professions Code section 17203, Defendants should restore to all wrongfully retained wages.
53. Adkins has standing pursuant to Business and Professions Code section 17204 since he was not paid all overtime and premium pay.
54. Plaintiffs request attorney fees and costs pursuant to Code of Civil Procedure section 1021.5.

PRAYER

First Cause of Action
1. Certification as a collective action
2. Issuance of notice to all similarly situated employees
3. Payment of all unpaid wages pursuant to 29 USC §§ 206 & 207
4. Liquidated damages
5. Attorney fees and costs
6. Other relief the court deems proper

Second Cause of Action

1. Liquidated damages under Cal. Lab. Code, § 1194.2
2. Penalties under Cal. Lab. Code, § 1197.1
3. Penalties under Cal. Lab. Code, § 226.8
4. Penalties under Cal. Lab. Code, § 2699(f)
5. Attorney fees and costs
6. Other relief the court deems proper

Third Cause of Action

1. Penalty under Cal. Lab. Code, § 226 not to exceed $4,000
2. Attorney fees and costs under Cal. Lab. Code, § 226
3. Other relief the court deems proper

Fourth Cause of Action

1. Premium pay for each missed rest break and each missed meal break
2. Penalties under Cal. Lab. Code, § 2699(f)
3. Attorney fees and costs pursuant to Cal. Lab. Code, § 2699(g)(1)
4. Other relief the court deems proper

Fifth Cause of Action

1. Restitution of all wrongfully withheld wages and tips
2. Attorney fees under Cal. Code Civ. Proc., § 1021.5
3. Other relief the court deems proper

Date: September 2, 2016                    LAW OFFICE OF ROBERT STARR

                                           /s/ Adam Rose
                                           Attorney for Plaintiff
                                           William Adkins

1  DEMAND FOR JURY TRIAL
2  Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38.

4  Date: September 2, 2016                    LAW OFFICE OF ROBERT STARR

                                              /s/ Adam Rose
                                              Attorney for Plaintiff
                                              William Adkins

COMPLAINT