BECKI D. GRAHAM, State Bar No. 238010
becki.graham@ogletreedeakins.com
ROSHNI CHAUDHARI, State Bar No. 310612
roshni.chaudhari@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADKINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BRINK'S, INC.,<br><br>       Defendant. | Case No. 2:16-cv-02115-WHO<br><br>**NOTICE OF RELATED CASES**<br><br>Complaint Filed:  September 2, 2016<br>Trial Date:          None Set<br>Judge:               Hon. William H. Orrick, III |

Pursuant to Civil Local Rule 123 of the United States District Court for the Eastern District of California, defendant Brink's, Incorporated ("Defendant") submits the following information regarding related pending actions (none of which are pending in this Court).

A.   ***Dorian Ceron vs. Brink's Incorporated, et al.***, Central District of California Case No. 2:15-cv-01129-JFW-JC (the "*Ceron* action").  (See Exhibit A.)

    1.   The *Ceron* action is a putative class action alleging claims for: (1) failure to pay all overtime wages in violation of California Labor Code §§ 204, 510, 558, 1194, and 1198; (2) Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (3) rest period violations, California Labor Code §§ 226.7, 516, and 558; (4) meal period violations, California Labor Code §§ 226.7, 512, and 558; (5) wage statement penalties, California Labor Code § 226, *et seq.*; and (6) unfair competition, California Business and Professions Code § 17200, *et seq.*  The proposed classes in the *Ceron* action consist of: (1) all current and former non-exempt employees of Defendant and Brink's Global Services USA, Inc. in California who were entitled to, but were not paid, overtime wages under the California Labor Code; (2) all current and former non-exempt employees in California who were entitled to, but were not paid, overtime wages under the Fair Labor Standards Act; (3) all current and former drivers, messengers, and/or guards who entered into on-duty meal agreements and did not receive compliant, off-duty meal periods; (4) all current and former drivers, messengers, and/or guards who did not receive compliant rest breaks; and (5) all members of the foregoing putative classes who did not receive compliant wage statements.  (*Ceron* Complaint, ¶¶ 18a-f).

    2.   The *Ceron* action and the instant action involve some of the same parties and much of the same subject matter.  First, they involve similar claims for failure to pay overtime, meal period and rest break violations, wage statement penalties, and unfair competition.  Second, the putative classes in the *Ceron* action and this action are substantially the same.  Second, the cases involve the same Defendant and substantially the same plaintiffs.  Although in the instant case, plaintiff has not defined the scope of employees he seeks to represent, is clear Adkins seeks to represent at least all current and former

drivers at Brink's.  *See*, *e.g.*, *Adkins* Complaint ¶ 25.   Similarly, the plaintiff in the *Ceron* action seeks to represent all current and former drivers (and messengers, and/or guards) with respect to his meal period and rest break claims, and a broader putative class of all non-exempt employees in California with respect to his overtime claims under the Labor Code and FLSA, and wage statement claim.

B. ***Dorian Ceron vs. Brink's Incorporated, et al.***, Los Angeles County Superior Court, Case No. BC576462 (the "*Ceron* PAGA action").  (See Exhibit B.)

    1. The *Ceron* PAGA action is a putative representative action alleging a PAGA claim based on Defendant and Brink's Global Services, USA, Inc.'s alleged: (1) failure to pay overtime wages in violation of Labor Code §§ 204, 510, 1194, and 1198; (2) failure to provide meal periods in violation of Labor Code §§ 226.7, 512, and 558; (3) failure to provide rest breaks in violation of Labor Code §§ 226.7, 512, 516, and 558; (4) failure to furnish accurate itemized wage statements in violation of Labor Code § 226; (5) failure to maintain accurate records in violation of Labor Code § 1174; and (6) failure to timely pay all final wages and compensation in violation of Labor Code §§ 201-203.

    2. The *Ceron* PAGA action overlaps with the parties and claims in this case and raises substantially the same allegations as the *Ceron* action pending in the Central District of California.  As such, it involves much of the same subject matter as the instant action for the same reasons discussed earlier.

C. ***Dorian Ceron v. Brink's Incorporated, et al.***, Los Angeles County Superior Court, Case No. BC 588047 (the "*Ceron* Waiting Time action").   (See Exhibit C.)

    1. The *Ceron* Waiting Time action is a putative class action alleging a single cause of action against Defendant and Brink's Global Services, USA, Inc., namely, that defendants failed to pay all wages upon termination of employment in violation of California Labor Code §§ 201-2013.  The proposed class consists of current and former employees who received incentive pay (which plaintiff claims defendants failed to consider in the class employees' regular rate of pay) and/or were not paid overtime, and/or all drivers, messengers, and/or guards who did not receive meal and rest breaks.

2. The *Ceron* Waiting Time Action overlaps with the parties in this case because Defendant is named in both.   Additionally, although the two cases do not allege the same cause of action, the *Ceron* Waiting Time Action requires a determination of whether the defendants failed to pay owed wages, including wages for meal and rest breaks and overtime at the proper rates.   This is substantially similar to two of the claims in the instant action, which also alleges unpaid overtime and unpaid meal and rest breaks.   *See*, *e.g.*, Adkins Complaint ¶ 20, 47.   Finally, both actions involve substantially similar plaintiffs because both include at least a class of drivers.

D. ***David Walker, et al. v. Brink's Global Services USA, Inc., et al.***, Los Angeles County Superior Court, Case No. BC564369 (the "*Walker* action") (remanded from United States District Court for the Central District of California, Case No. 2:15-cv-08833-GW-KS).   (See Exhibit D.)

1. The *Walker* action is a putative class action alleging claims for: (1) unfair competition in violation of California Business and Professions Code §§ 17200, *et seq*.; (2) failure to pay overtime wages in violation of California Labor Code §§ 510, 1194, 1198, *et seq*.; (3) failure to provide accurate itemized statements in violation of California Labor Code § 226; (4) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203; and (5) violation of the Private Attorneys General Act, Labor Code §§ 2698, *et seq*.   The proposed class in the *Walker* action consists of all non-exempt employees who were employed by Defendant and/or Brink's Global Services USA, Inc. within the statutory period.

2. The *Walker* action and the instant action involve some of the same parties and much of the same subject matter.   First, both actions involve similar claims for failure to pay overtime, meal period and rest break violations, PAGA penalties, and unfair competition.   Second, they are brought against the same Defendant on behalf of substantially the same group of people, insofar as the putative class in the *Walker* action (all non-exempt employees employed by Defendant and Brink's Global Services USA, Inc. in California during the statutory period) subsumes the putative class in this action

NOTICE OF RELATED CASES

(which, although not expressly defined in the complaint, appears to include at least all drivers at Brink's).

E. ***Timothy Belew v. Brink's Incorporated***, United States District Court for the Southern District of California, Case No. 3:14-cv-1748-JAH-JLB (the "*Belew* action").  (See Exhibit E.)

    1. The *Belew* action was filed as a putative class action alleging claims for: (1) failure to pay overtime wages; (2) failure to provide accurate itemized wage statements; (3) failure to provide complete wage statements; (4) failure to pay final wages; (5) unfair competition on behalf of a class consisting of all current and former drivers and messengers employed by Brink's Incorporated in California since January 1, 2014; (6) unfair competition on behalf of a class consisting of all current and former employees of Brink's Incorporated in California since January 3, 2013; and (7) PAGA penalties.  The *Belew* action is pending in the United States District Court for the Southern District of California.   It was awaiting dismissal following final approval of a class-wide settlement until counsel in the *Ceron* cases, Boren, Osher & Luftman, LLP, filed an appeal to the Ninth Circuit on or about November 2015 (Case No. 16-56376).

    2. The *Belew* action and the instant action involve similar claims for failure to pay overtime, failure to provide accurate itemized wage statements, PAGA penalties, and unfair competition.  Both actions likewise involve the same Defendant and similar putative classes, insofar as the *Belew* action involves current and former messengers and drivers and the instant action involves at least current and former drivers (plaintiff Adkins has not expressly defined the scope of his putative class).

F. ***Miko Stafford v. Brink's Incorporated***, United States District Court for the Central District of California, Case No. 2:14-cv-01352-MWF-PLA (the "*Stafford* action"). (See Exhibit F.)

    1. The *Stafford* action is a putative class action alleging claims for: (1) failure to furnish accurate itemized wage statements in violation of Labor Code § 226(a); and (2) PAGA penalties.   The parties in the *Stafford* action already have engaged in extensive discovery, filed cross-motions for summary judgment, and briefed class certification issues before the Court.  The case was later remanded back to state court (Los Angeles

County Superior Court) in May 2016.

2.   The *Stafford* action and the instant action have overlapping claims for wage statements and PAGA penalties.  The two actions also have the same Defendant and the *Stafford* putative class would subsume Plaintiff and overlap with the PAGA representative class, as the *Stafford* action is filed on behalf of all current and former non-exempt California employees (*Stafford* FAC ¶ 17).

3.   Although the *Stafford* action and the instant action are related, assignment to the same judge would not likely to effect substantial savings of judicial effort because the *Stafford* action has only one overlapping claim with the instant action and the *Stafford* action is in state court.

G.  ***Fernandez v. Brink's Incorporated***, United States District Court for the Northern District of California, Case No. 2:15-cv-02667-JSW (the "*Fernandez* action"). (See Exhibit G.)

1.   The *Fernandez* action is a putative class action alleging claims for: (1) failure to pay overtime wages; (2) failure to pay premium rest period wages; (3) failure to pay premium meal period wages; (4) waiting time penalties; (5) PAGA penalties; and (6) unfair competition.   The *Fernandez* putative class consists of drivers or messengers within California.  The *Fernandez* matter has been under a stay pending the appeal of *Belew* and further guidance from the court.

///
///
///
///
///
///
///
///
///
///

NOTICE OF RELATED CASES

2.   The *Fernandez* action and the instant action involve the same Defendant, substantially similar putative classes, and similar claims.   Both actions involve class or collective claims for failure to pay overtime, allegations of meal period and rest break violations, PAGA penalties, and unfair competition.   Second, the *Fernandez* class includes drivers and messengers, which at least largely overlaps with the instant action, which includes current and former drivers.

DATED: January 17, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Becki D. Graham*
    Becki D. Graham
    Roshni Chaudhari

    Attorneys for Defendant
    BRINK'S, INCORPORATED

NOTICE OF RELATED CASES