Adam Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT STARR, APC
23901 Calabasas Road, #2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorney for Plaintiff
William Adkins

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADKINS,<br><br>             Plaintiff,<br><br>     vs.<br><br>BRINK'S, INC.,<br><br>             Defendant. | Case No. 2:16-cv-02115-WHO<br><br>PLAINTIFF WILLIAM ADKINS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT; DECLARATION OF ADAM ROSE; PROPOSED ORDER<br><br>Date:  August 9, 2017<br>Time: 2:00 p.m.<br>Ctrm: 2 (San Francisco) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on August 9, 2017 at 2:00 p.m. or as soon thereafter as may be heard in Courtroom 2 of the United States District Court located at 450 Golden Gate Ave., San Francisco, CA 94102, plaintiff William Adkins will move the court pursuant to Labor Code section 2699(l)(2) and the Fair Labor Standards Act for approval of the settlement reached in this matter between plaintiff William Adkins ("Adkins") and defendant Brink's, Inc. ("Brink's").

This case was filed as a PAGA and FLSA case; however, the settlement does not include PAGA penalties as it is an individual settlement, and it also does

not include an FLSA recovery. The motion is based on this notice, the attached memorandum of points and authorities, pleadings on file, and arguments at the hearing.

Date: June 30, 2017                                            LAW OFFICE OF ROBERT STARR

<u>/s/ Adam Rose</u>
Attorney for Plaintiff
William Adkins

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Adkins filed this wage and hour complaint on September 2, 2016, which contained PAGA and FLSA allegations. Adkins worked as a driver for Brink's but alleged he was not paid all overtime that was due. Adkins also was not able to take all his meal breaks and rest breaks.

The parties disputed whether the Motor Carrier Exemption to the FLSA applied, as cases from other districts had differing results. The questions were ultimately whether Adkins was exclusively involved in intrastate vs. interstate commerce, and whether Adkins primarily drove vehicles that weighed over 10,000 pounds. For the exemption to apply, interstate commerce was required, and the vehicles that Adkins drove had to weigh over 10,000 lbs.

Based on the relatively short length of time that Adkins worked for Brink's, combined with the discussions on the contested issues, the parties reached an agreement to settle at $10,000.

The settlement agreement was edited multiple times; however, the fully signed settlement agreement is attached. Also, pursuant to Labor Code section 2699(l)(2), a copy of the settlement agreement is being sent to the Labor and Workforce Development Agency.

III. CONCLUSION

Since the settlement was negotiated in good faith, and the PAGA claims will be dismissed without prejudice and will not affect potential claims of other workers, Adkins requests that the Court approve the attached individual settlement.

Date: June 30, 2017                    LAW OFFICE OF ROBERT STARR
                                       /s/ Adam Rose
                                       Attorney for Plaintiff

DECLARATION OF ADAM ROSE IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT

I, Adam Rose, declare the following:

1. I am one of the attorneys representing plaintiff William Adkins in this matter. I have personal knowledge of the facts in this declaration and if called on to testify about the facts I could and would competently do so.

2. Attached is a true and correct copy of the fully signed settlement agreement. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  June 30, 2017                                         /s/ Adam Rose