## CONFIDENTIAL SETTLEMENT AGREEMENT & GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between William Adkins, for himself and his heirs, marital property, successors and assigns (hereinafter "Adkins"), and Brink's Incorporated ("Brink's") for itself and any parent or subsidiary corporations, divisions and affiliated corporations, partnerships or other affiliated entities of Brink's, (individually a "Party" and collectively referred to as the "Parties"), with reference to the following facts:

A.  On September 2, 2016, Adkins filed this individual and collective/representative action in the United States District Court for the Eastern District of California, Case No. 2:16-cv-02115-WHO-, alleging the following causes of action: (a) Fair Labor Standards Act ("FLSA") on behalf of himself and other similarly situated individuals for unpaid overtime wages; (b) Private Attorney General Act ("PAGA") representative action; (c) California Labor Code for penalties for inaccurate wage statements; and (d) California Labor Code for unpaid meal and rest breaks; and (e) California Business and Professions Code for unfair competition. The first cause of action was brought as a collective and individual claim, the second cause of action was brought as a representative action, and the third through fifth claims were brought only on an individual basis (the "Lawsuit"). Brink's denies Adkins claims in their entirety and further denies any and all liability in the Lawsuit.

B.  Adkins is represented in the Lawsuit by Adam Rose, Esq. with the Law Office of Robert L. Starr. Adkins represents that he is satisfied that his counsel has used his best efforts to pursue this Lawsuit in a manner that is fair to his interests.

C.  The Parties, in order to avoid the time, expense and uncertainty of trial, each desire to settle, compromise and to resolve fully and finally any and all claims and disputes, whether known or unknown, which Adkins or Brink's may have against the other Party from the beginning of time until the date of this Agreement, arising out of Adkins's employment with Brink's, the cessation of that employment, the subsequent Lawsuit, and any and all claims, cross-claims, or defenses which could have been asserted in the Lawsuit.

D.  No PAGA penalties are being paid in connection with this Agreement.

E.  Adkins represents that he has discussed all aspects of his claims and this Agreement with his counsel, has been fully advised by his counsel as to his rights, understands that he is waiving significant legal rights by signing this Agreement, and enters into this Agreement voluntarily, with a full understanding of the Agreement and all of its terms.

F.  Adkins and Brink's acknowledge that the execution of this Agreement is the result of compromise and arms-length negotiations between the Parties, that this Agreement is entered into in good faith by the Parties, and that this Agreement shall never be considered at any time or for any purpose an admission of any liability of Brink's.

NOW, THEREFORE, in consideration of the covenants and promises contained herein, the Parties hereto agree as follows:

1. **Non-Admission of Liability.** Adkins acknowledges that Brink's denies any wrongdoing whatsoever in connection with Adkins and that the confidential settlement agreement made pursuant to this Agreement is made solely for the purpose of compromising disputed claims and avoiding the time, expense and uncertainty of litigation. It is expressly understood and agreed that nothing contained in this Agreement shall constitute or be treated as an admission of any wrongdoing or liability on the part of Brink's.

2. **Consideration for Settlement.**

    a. **Payment of Settlement Proceeds.**

    Brink's shall pay the total sum of Ten Thousand and No/100 ($10,000.00) (the "Settlement Proceeds") to William Adkins. The Settlement Proceeds shall be distributed in three checks as follows:

    1. One check made payable to "William Adkins" in the amount of Two Thousand Dollars and 00/100 ($2,000.00) less withholdings, for which Brink's shall issue Adkins an IRS Form W-2 in settlement of alleged unpaid wages.

    2. One check made payable to "William Adkins" in the amount of Four Thousand Dollars and 00/100 ($4,000) for alleged non-compensatory damages and/or penalties, for which Brink's shall issue Adkins an IRS 1099.

    3. One check made payable to "Law Office of Robert L. Starr" in the amount of Four Thousand Dollars and 00/100 ($4,000.00) for which Brink's shall issue appropriate 1099s for attorneys' fees and costs.

    By signing this Agreement, Adkins agrees that the distribution of the Settlement Proceeds as set forth in this paragraph is fully satisfactory to him. Adkins acknowledges and agrees that the Settlement Proceeds constitute adequate legal consideration, to which Adkins is not otherwise entitled, in exchange for the covenants, promises, obligations and representations made by Adkins in this Agreement.

    b. **Delivering Settlement Proceeds.**

    Brink's will distribute the Settlement Proceeds to Adkins within 14 business days of the date by which the Court enters a dismissal of this Lawsuit. Adkins agrees that Brink's shall not have any obligation to distribute the settlement checks until (1) counsel for Brink's receives Adkins's executed copy of this Agreement and all necessary W-9 forms; (2) Adkins files all necessary paperwork to secure the Court's order approving the settlement; (3) the Court enters an order approving the settlement; and (4) the Court has entered a dismissal in accordance with the Parties' filing a Stipulation of Dismissal.

3. **Indemnification.** By signing this Agreement, Adkins fully releases Brink's and the Released Parties (as defined below) from any and all claims as set forth below. Adkins hereby agrees that he is solely responsible for certain employee tax obligations which may arise as a consequence of this settlement. If it is ever claimed or determined that any portion of the foregoing payments constitute or represent taxable earnings and/or that Brink's should have

withheld, deducted, made contribution towards, and/or paid any taxes to any federal, state or local governmental body as a result thereof, Adkins warrants and agrees to pay, indemnify, secure, and hold Brink's and the Released Parties, as defined below, harmless from costs, assessments, penalties, damage, fees, or interest, arising from any employee tax obligations to which Brink's and the Released Parties are or may be subject by reason of the characterization of such or any portion thereof as nontaxable.

4. **Dismissal.** Adkins agrees to dismiss United States District Court, Eastern District of California, Case No. No. 2:16-cv-02115-WHO, referenced above, as follows: (a) without prejudice, the first cause of action for violation of the FLSA as asserted on behalf of the class and the second cause of action for penalties under PAGA on behalf of the representative class; (b) with prejudice, the first, second, third, fourth and fifth causes of action asserted by Adkins *individually* for (i) violation of the FLSA, (ii) violation of Labor Code 2699 *et seq.* (iii) wage statement penalties under California Labor Code; (iv) meal and rest break violations under California Labor Code, and (v) unfair competition under California Business and Professions Code. By signing this Agreement, Adkins agrees to: (a) file a notice of motion, motion, supporting papers, and any other necessary paperwork seeking Court approval of this settlement; (b) notify the California Labor and Workforce Development agency that this matter has been settled without PAGA penalties, and any further notifications required to the Labor and Workforce Development agency in connection with this settlement; (c) execute and authorize Brink's counsel to file a Stipulation of Dismissal with the Court promptly after the Court has issued an order approving the settlement. Each Party shall be responsible for bearing their own costs, expenses and attorneys' fees incurred in connection with the above-referenced Lawsuit and the completion of this settlement.

5. **No Filing of Claims.** Adkins represents and warrants that he does not presently have on file, and further represents that he will not hereafter file any grievances or actions against Brink's or the Released Parties with any arbitrator, or with any board, agency, commission, or court, based upon any actions occurring prior to the date of this Agreement, including but not limited to any claims arising out of the cessation of Adkins's employment with Brink's, unless otherwise permitted by law. Nothing in this Agreement shall interfere with the Adkins's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the EEOC and/or the DFEH, or other federal or state regulatory or law enforcement agency. However, the consideration provided to Adkins in this Agreement shall be the sole relief provided to him for the claims that are released herein and Adkins will not be entitled to recover and agrees to waive any monetary benefits or recovery against Brink's in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

6. **Release of All Claims.** Adkins unconditionally, irrevocably and absolutely releases and discharges Brink's, its respective parent and subsidiary corporations, divisions and affiliated corporations, insurers, partnerships or other affiliated entities of Brink's, past and present, as well as their employees, officers, directors, agents, insurers, re-insurers, attorneys, contractors, successors and assigns (collectively, "Released Parties"), from all claims related in any way to the transactions or occurrences between them to date, to the fullest extent permitted by law, including, but not limited to, Adkins's employment with Brink's, the termination of Adkins's employment, and all other losses, liabilities, claims, charges, demands and causes of

action, known or unknown, suspected or unsuspected, arising directly or indirectly out of or in any way connected with Adkins's employment with Brink's. This release is intended to have the broadest possible application and includes, but is not limited to, any tort, contract, common law, constitutional or other statutory claims, including, but not limited to alleged violations of the California Government Code, California Labor Code (e.g., 132a, 4553, etc.) or Business and Professions Code (e.g., 17200 et seq.), or the federal Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, and the California Fair Employment and Housing Act, the Age Discrimination in Employment Act of 1967, as amended, Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act, the Equal Pay Act of 1963, as amended, the Immigration and Reform Control Act, as amended, the federal Family Medical Leave Act, the California Confidentiality of Medical Information Act, the Private Attorney General Act ("PAGA") (Labor Code section 2699 *et seq.*), California Family Rights Act, Occupational Safety and Health Act, as amended, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Health Insurance Portability and Accountability Act of 1996, as amended, the Fair Credit and Reporting Act, the California Investigative Consumer Reporting Agencies Act, all wage claims that have been the subject of a bona fide dispute between the parties (e.g., unpaid overtime and missed rest and meal break premiums), wrongful termination claims, whistleblower claims, discrimination claims, harassment claims, public policy claims, retaliation claims, statutory claims, emotional distress claims, defamation claims, background check claims, unfair competition claims and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, and all claims for attorneys' fees, costs and expenses. Adkins expressly waives his right to recovery of any type, including damages or reinstatement, in any administrative or court action, whether state or federal, and whether brought by Adkins or on Adkins's behalf, related in any way to the matters released herein. However, this general release is not intended to bar any claims that, by statute, may not be waived.

As a condition of this Agreement, and part of the release of claims described herein, Adkins expressly releases and waives any and all claims brought and/or raised by him under the PAGA or FLSA. As a condition of this Agreement, Adkins expressly waives any right to pursue a representative or collective action to recover any damages, penalties, attorneys' fees and/or costs on behalf of himself or any other purportedly aggrieved employees of Brink's or any other Released Parties under the PAGA or FLSA.

7.      **Waiver of Unknown Claims.** It is further understood and agreed by Adkins that as a condition of this Agreement, Adkins hereby expressly waives and relinquishes any and all claims, rights or benefits that he may have under California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in her or his favor at the time of executing the release which if known by her or his must have materially affected her or his settlement with the debtor.**

In connection with such waiver and relinquishment, Adkins hereby acknowledges that he may hereafter discover claims or facts in addition to, or different from, those which he now knows or believes to exist, but that he expressly agrees to fully, finally and forever settle and release any and all claims, known or unknown, suspected or unsuspected, which exist or may

4

exist on his behalf against Brink's and the Released Parties at the time of execution of this Agreement, including, but not limited to, any and all claims relating to or arising from the cessation of Adkins's employment with Brink's, or any and all claims which could have been asserted by Adkins. Adkins further acknowledges, understands and agrees that this representation and commitment is essential to each Party and the Released Parties, and that this Agreement would not have been entered into were it not for this representation and commitment.

8. **No Other Payments Due.** Adkins acknowledges that he has been paid all wages or other forms of compensation, including, but not limited to, accrued, unused vacation, overtime, regular wages, civil and statutory penalties, meal and/or rest period premiums, or interest that he may have earned or become entitled to during his employment with Brink's through the date of this Agreement. Adkins agrees that he does not have knowledge of any potential or actual dispute with Brink's or the Released Parties about any wages, compensation, or penalties which he believes he is entitled to. Adkins understands and acknowledges that he shall not be entitled to any payments or benefits from Brink's other than those expressly set forth in this paragraph 2

9. **Ownership of Claims.** Adkins represents and warrants that he is the sole and lawful owner of all rights, title and interest in and to all released matters, claims and demands referred to herein. Adkins further represents and warrants that there has been no assignment or other transfer of any interest in any such matters, claims or demands which Adkins may have against the Released Parties.

10. **Confidentiality.**

    a. This Agreement and its terms are confidential, and said confidentiality is the essence of this Agreement and Adkins acknowledges that maintaining the confidentiality of this Agreement is a material term of the agreement. Accordingly, Adkins and his attorneys shall keep confidential and not disclose (including oral, written and/or electronic communications), use, publicize, or knowingly permit, authorize or instigate disclosure or publicizing of the Agreement, its terms or contents, or negotiations underlying this Agreement, or the facts or circumstances that gave rise to or form the basis of the Lawsuit to any person including, but not limited to, any current or former employee, contractor or agent of Brink's, any firm, organization or entity of any type, public or private, including any media, for any reason, unless, required by law, court order, unlawful subpoena, or written agreement executed in advance by Brink's. Adkins is permitted to make confidential disclosures to his immediate family, and as necessary for legitimate business purposes on a need-to-know basis to her accountants, attorneys, tax advisers, tax preparers, and governmental taxing authorities as required by law, but upon doing so shall inform them of these confidentiality provisions and their duty to maintain confidentiality pursuant to this provision. In no event shall Adkins or his attorneys use the information contained in the Agreement or disclose it to any other person, including current or former employees of Brink's. Any disclosures made pursuant to this paragraph shall require prior written notice to Brink's.

    b. The parties understand and acknowledge that this settlement agreement will be submitted to court as an attachment to Plaintiff's motion for approval of settlement as necessary to obtain court approval. Plaintiff and his counsel understand that the filing of this

Agreement as an exhibit to that motion does not relieve Plaintiff or his counsel from their obligations to maintain the confidentiality of this Agreement. Plaintiff and his counsel further acknowledge that they will not direct others to the public filing as a run around to their obligations to maintain the confidentiality of this Agreement. Any such conduct will be considered a breach of this Agreement.

   c. In the event that Adkins believes that he is legally obligated by statutory or regulatory requirements (including compulsory legal process), to make such disclosures, he shall so notify Brink's in writing immediately, and in no event less than ten (10) days prior to the date for disclosure. If it is not possible to do so at least 10 days in advance, Adkins will notify counsel for Brink's (Becki D. Graham of Ogletree Deakins, Nash Smoak & Stewart, P.C., at (415) 536-3445), within 24 hours of receiving notice that he is so obligated. If Brink's and/or the Released Parties take any action to challenge such disclosure, Adkins shall defer making such disclosure until such challenge is finally resolved, unless ordered by a Court to give the information notwithstanding the challenge. Adkins understands that the covenant of nondisclosure contained in this Agreement is a material inducement for making this Agreement and that, for the breach thereof, Brink's and/or the Released Parties will suffer irreparable harm for which damages would be an inadequate remedy.

   d. Adkins agrees that if he (or any person to whom he discloses the terms of this Agreement) discloses or publicizes the settlement of the Lawsuit or the existence, facts, or terms of this Agreement, the resulting damages would be impracticable or extremely difficult to determine because of the uncertain effect of the disclosure of such information on Brink's and/or the Released Parties. Adkins agrees that ordinary remedies in contract may be inadequate in the instance of a breach of the confidentiality provisions of this Agreement and, thus, Adkins agrees that enforcement of said provisions may include a request by Brink's and/or the Released Parties for injunctive relief. Further, because of the difficulty of determining the damages resulting from either Adkins's breach of the confidentiality provisions of this Agreement, Adkins agrees that, as liquidated damages for the disclosure of the existence, facts or terms of this Agreement he will pay to the sum of One Thousand Dollars ($1,000.00) for each such breach against Brink's and/or the Released Parties.

   d. If Adkins or Brink's is asked about this dispute, he or it will respond by saying only, "The matter has been resolved."

  **11.** **Non-Disparagement and Incitement of Claims.** Adkins agrees that he will not make or cause to be made any statements that disparage or damage the reputation of the Brink's. In the event such a communication is made to anyone, including but not limited to the media, public interest groups, publishing companies, and/or through internet posting, it will be considered a material breach of the terms of this Agreement. Adkins also agrees that he will not encourage or incite other current or former employees of Brink's to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Brink's, or to cooperate with his legal counsel to encourage or incite other current employees of Brink's to assert any complaint, claim or charge, or to initiate any legal proceeding against Brink's.

  **12.** **No-rehire.** Adkins agrees to waive any claim of right to reemployment by Brink's, its parent corporation, present and future subsidiaries, franchisees and/or affiliates.

Adkins also agrees that he is not now seeking and will not in the future seek employment or independent contractor status with Brink's and/or the Released Parties. Adkins further acknowledges and agrees that he is not now and will not in the future be eligible for such employment or contractor status. Adkins agrees that if, for some reason, he is rehired by Brink's and/or the Released Parties, his employment may be immediately terminated upon Brink's and/or the Released Parties' discovery of his reemployment. Adkins further understands that upon the termination of his employment, he shall make no claim whatsoever as a result of such termination.

13.  **Return of Property.** Adkins acknowledges he has returned all Brink's property possessed by her prior to the execution of this Agreement.

14.  **Medicare Release and Indemnification.** Adkins warrants that he is not a Medicare beneficiary as of the date of this release. Because he is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare. Adkins will indemnify, defend and hold Brink's and the Released Parties harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from Brink's or the Released Parties relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Brink's alleged injuries, claims or lawsuit, Adkins will defend and indemnify Brink's or the Released Parties, and hold them harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

15.  **Tax Compliance.** Brink's shall be entitled to withhold from any amounts payable under this Agreement any federal, state, local or foreign withholding or other taxes or charges which it is required to withhold pursuant to applicable law. Notwithstanding any other provision herein, the Parties hereto intend that payments and benefits under this Agreement be exempt from Section 409A of the Internal Revenue Code of 1986, as amended, and the regulations and guidance promulgated thereunder (collectively, "Section 409A") and, accordingly, to the maximum extent permitted, this Agreement shall be interpreted to be exempt therefrom, and Brink's may adopt such amendments to the Agreement or adopt other policies and procedures (including amendments, policies and procedures with retroactive effect), or take any other actions, that Brink's determine are necessary or appropriate to make any payment hereunder exempt from or compliant with Section 409A; provided that, in no event whatsoever shall Brink's be liable for any additional tax, interest or penalty that may be imposed on Adkins by Section 409A or damages for failing to comply with Section 409A; whenever a payment under this Agreement specifies a payment period with reference to a number of days, the actual date of payment within the specified period shall be within the sole discretion of Brink's; and Adkins shall have no right to determine, directly or indirectly, the year of any payment subject to Section 409A. Notwithstanding any provision to the contrary, if any period to review and/or revoke this agreement begins in a first taxable year and ends in a second taxable year, the Settlement Proceeds shall begin to be paid in the second taxable year.

16.  **California Law Applies.** This Agreement, in all respects, shall be interpreted, enforced and governed by and under the laws of the State of California.

17. **Successors and Assigns.** It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors and assigns.

18. **Attorney's Fees.** In the event that any Party to this Agreement asserts a claim for breach of this Agreement or seeks to enforce its terms, the prevailing Party in any such proceeding shall be entitled to recover costs and reasonable attorney's fees.

19. **Execution of Additional Documents.** The Parties agree to execute such other, further, and different documents as reasonably may be required to effectuate this Agreement.

20. **Consultation with Counsel.** The Parties, and each of them acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution and delivery of this Agreement, and that they have in fact done so. The Parties acknowledge that they have been specifically advised by counsel of the consequences of the General Release they have signed.

21. **Headings.** The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

22. **Integration.** This Agreement constitutes a single, integrated, written contract, expressing the entire agreement between the Parties. Except for any surviving obligations of any confidentiality agreements executed by Adkins as a condition of his employment with Brink's, this Agreement supersedes all other prior agreements between the Parties (oral, implied, or written). Adkins represents and warrants that he is not relying on any promises or representations which do not appear written herein. Adkins further understands and agrees that this Agreement can be amended or modified only by a written agreement, signed by all of the Parties hereto.

23. **Severability.** If any provision in this Agreement is found to be unenforceable, it shall not affect the enforceability of the remaining provisions and the Court shall enforce the remaining provisions to the extent permitted by law.

24. **Counterparts.** This Agreement may be executed in separate counterparts and each such counterpart shall be deemed an original with the same effect as if all Parties had signed the same document.

25. **Voluntary Agreement.** Adkins understands and agrees that he may be waiving significant legal rights by signing this Agreement, and represents that he has entered into this Agreement voluntarily, after consulting with his attorney, with a full understanding of and in agreement with all of its terms.

**IN WITNESS THEREOF,** the Parties hereto have executed this Confidential Settlement Agreement and General Release on the dates indicated below.

DATED: 6/20/17

**WILLIAM ADKINS**

_William Adkins_
William Adkins

DATED: 6/26/17

**BRINK'S, INCORPORATED**

By: _[signature]_

Their:

**AGREED AS TO FORM AND CONTENT:**

By: _[signature]_
ADAM ROSE
*Attorney for William Adkins*

29908147.3

9